IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| **JONAH HELTON** ) | CIVIL ACTION NO. 6:24-cv-00006-GFVT |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| **JASON PERRY,** ) | **with JURY DEMAND** |
| **In his official and individual capacity** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **SHERIFF DAVID SAMPSON,** ) | |
| **In his individual and official capacity** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **SHERIFF'S DEPT. OF MCCREARY** ) | |
| **COUNTY, KENTUCKY** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **MCCREARY COUNTY, KENTUCKY** ) | |
| **Through MCCREARY COUNTY** ) | |
| **FISCAL COURT** ) | |
| **c/o JUDGE EXECUTIVE** ) | |
| **JIMMIE GREENE II** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **FISCAL COURT OF MCCREARY** ) | |
| **COUNTY, KENTUCKY** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

Now comes the Plaintiff, JONAH HELTON, by and through counsel, and hereby states as follows for his Complaint with Jury Demand herein:

# PRELIMINARY STATEMENT, JURISDICTION AND VENUE

1. This action is brought to redress grievances protected by the United States Constitution, 42 U.S.C. §§ 1983 and 1988 secured by the Fourth, Eighth, and Fourteenth Amendments, and state law claims under the Constitution and laws of the Commonwealth of Kentucky. This Court has jurisdiction over these matters under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction of the state law claims for assault and any other state law claim under 28 U.S.C. § 1367. Plaintiff's claims arise from the deadly excessive force by defendant, Jason Perry, a special deputy with the McCreary County, Kentucky Sheriff's Department. Defendants, McCreary County, Kentucky, McCreary County Sheriff's Department, Sheriff David Sampson, and the Fiscal Court of McCreary County, Kentucky, have failed to implement regulations, hiring policies, policies, customs, training, and procedures of foreseeable law enforcement activities, including the constitutional limits of deadly force and the hiring of qualified law enforcement personnel.

2. This Court has jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12132 et seq and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

3. Declaratory, injunctive, legal, and equitable relief are sought pursuant to 28 U.S.C. §§ 2202, 42 U.S.C. § 1983, and 42 U.S.C. § 12132. Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132.

Costs and reasonable attorneys' fees are sought pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54.

4. Venue is proper in this Court under 28 U.S.C. 1391(b)(1) as the defendants all reside in McCreary County, Kentucky.

5. Each act of the Defendants was performed under the color and pretense of the laws of the Commonwealth of Kentucky and laws of the United States.

**PARTIES**

6. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

7. Plaintiff is a resident of McCreary County, Kentucky, temporarily housed in Knox County, Kentucky, as an inmate in the Knox County Detention Center. At all times described herein, Plaintiff was a resident of and domiciled in McCreary County, Kentucky.

8. At all times relevant herein, Defendants, McCreary County, Kentucky, and/or the Fiscal Court of McCreary County, Kentucky, and/or the sheriff's department of McCreary County are the governmental entities responsible for operating and establishing the regulations, policies, customs, training, and procedures for the McCreary County Sheriff's Department.

9. Defendant David Sampson is the sheriff of McCreary County, Kentucky. He is being sued in his individual and official capacity.

10. Defendant Perry at all times pertinent to this Complaint has been employed by the McCreary County Sheriff's Department as a special deputy and is being sued both in his individual and official capacities.

**FACTUAL ALLEGATIONS**

11. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

12. On or around January 14, 2023, beginning in McCreary County, Kentucky, Defendant Perry initiated pursuit against the Plaintiff on Bethel Road, which gravitated toward a high-speed pursuit with said pursuit ending in Scott County, Tennessee.

13. Upon the high-speed pursuit ending, Plaintiff exited his vehicle and attempted to turn himself in to the officer and, despite his being unarmed, Deputy Perry began discharging rounds from his firearm in the Plaintiff's direction.

14. Thereafter, the Special Deputy chased and knocked the Plaintiff to the ground.

15. Upon Plaintiff becoming subdued and handcuffed, Deputy Perry then began using his Taser on the Plaintiff mercilessly, running round after round of charge through him, shocking the Plaintiff continuously.

16. Further, upon being taken into custody and despite being in handcuffs, Deputy Perry utilized a "pile-drive" move upon the Plaintiff, overpowering him to the ground and causing severe facial injury to the Plaintiff.

17. The special deputy performed this maneuver in front of his wife, who, for whatever reason, accompanied him in his cruiser on this pursuit in the wee hours of the morning.

18. Scott County EMS purportedly initially cleared the Plaintiff to be taken to the McCreary County Sheriff's Office.

19. However, the Plaintiff's injuries were so objectively severe that he later had to be taken to the hospital for his wounds upon being examined in the McCreary County Sheriff's Department.

20. The Plaintiff was denied medical attention at the scene and during the trip from Tennessee to the sheriff's department as well as at the sheriff's department.

21. Special Deputy Perry, as was known or should have been known to Defendant Sampson and to the remaining defendants, was a Mixed Martial Arts fighter with the handle, "The Monster." Additionally, Perry had several prior instances in his background which would and should have revealed his propensity for violence, including assault arrests and convictions, and domestic orders of protection being entered against him previously.

## COUNT I – CONSTITUIONAL VIOLATIONS

22. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully stated herein.

23. Defendants, under color of state law, subjected Plaintiff and/or caused Plaintiff to be subjected to the deprivation of the rights, privileges, and immunities secured to him by the United States Constitution.

24. This Plaintiff has a federally protected right to be free from excessive force under the Fourth and Fourteenth Amendments.

25. This right was violated by the Defendants when the Plaintiff was shot at while unarmed; while he was otherwise not resisting and tasered continuously, causing him to think he was dying; in him having been driven to the ground while in cuffs by Deputy Perry, causing him facial injury; and thereafter him being denied medical attention for a prolonged period.

26. Special Deputy Perry used excessive force, which was unreasonable and unconscionable, and without probable cause, thereby injuring the Plaintiff severely. This was all in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

27. The Defendants, McCreary County, Kentucky, Fiscal Court of McCreary County, Kentucky, the Sheriff's Department of McCreary County, Kentucky, and Sheriff David Sampson failed to adequately train and supervise its law enforcement personnel. The Defendants, separately and collectively, have a duty to ensure that its agents, special deputies, and deputies, are properly trained on the constitutional limitations of force. Failure to provide such training and supervision amounts to a dereliction of duty as to constitute a deliberate indifference to rights guaranteed by the Constitution. These defendants violated the victim's right to be free from excessive force because of its absent and/or deficient regulations, policies, customs, training, and procedures of foreseeable law enforcement activities. This conduct violates the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

28. As a direct and proximate result of the Defendants' use of force on Plaintiff, Plaintiff was subjected to excessive force, and injuries from that use of force, including pain and suffering, emotional distress, and Plaintiff continues to suffer as a result of this excessive use of force.

29. The violations of Mr. Helton's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff's damages, and the conduct of the individual Defendants were directly and proximately caused by the actions and/inactions of the Defendant, McCreary County Fiscal Court, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs and to the need for more or different training, supervision, investigation or discipline in the areas of the unlawful use of force; the improper exercise of police powers, including but not limited to the making of an arrest and unlawful use of force; utilizing "special deputies" without proper training; hiring practices of individuals with a background of domestic violence and charges involving violent conduct; monitoring of officers it knew or should have known have a propensity for violence; failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct; police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties; the failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests and the use of force under such circumstances as presented by this case; the failure to properly

sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other deputies.

## COUNT II--ASASULT AND BATTERY

30. All preceding paragraphs are incorporated by reference as if fully stated herein.

31. The actions of Jason Perry constitute an assault and battery upon the Plaintiff insofar as Special Deputy Perry, Defendant, repeatedly tased Mr. Helton following him being placed in cuffs. He additionally placed Mr. Helton in imminent apprehension of his life when he discharged a firearm at Mr. Helton, who was unarmed. Thereafter, Special Deputy Perry, after placing Mr. Helton in handcuffs, drove Mr. Helton to the ground, causing him facial injury, all of which were the legal and factual cause of Plaintiff's injuries.

## COUNT III—NEGLIGENCE/GROSS NEGLIGENCE

32. Plaintiff reiterates, adopts, and incorporates all previous allegations as if fully stated herein.

33. At all times pertinent herein, the Defendants, with the exception of Perry, by and through their agents and employees were responsible for the appointment, reappointment and selection of employees, deputies, and special deputies, at the McCreary County Sheriff's Office at all times prior to the Plaintiff's injury herein.

34. At all times pertinent hereto, the Defendants, through their acts, omissions or negligence, failed to investigate and/or discover the prior history of Perry's use of force in excess of that which is lawful or permitted by the U.S. Constitution, including his

history of allegations of domestic violence, his prior violent criminal charges, and his status as a known, competitive mixed martial artist, utilizing the professional handle/stage name as "The Monster."

35. At all times as a direct and proximate result, the Defendants, through its agents or employees were negligent in Special Deputy Jason Perry using excessive force on the victim, Jonah Helton and by failing to hire, train, and supervise law enforcement personnel, including the Defendant Perry, on the constitutional limitations of deadly force and the proper investigative procedures for excessive force.

36. As a direct and proximate cause of the gross negligence of the Defendants, the Plaintiff suffered severe and significant injuries and damages which resulted in his pain and suffering and incurring medical bills.

## COUNT IV—PUNITIVE DAMAGES

37. All preceding paragraphs are incorporated by reference as if fully stated herein.

38. Defendants, Sheriff's Department of McCreary County, McCreary County, Kentucky, McCreary County Fiscal Court and Sheriff Sampson have encouraged, tolerated, ratified and been deliberately indifferent to the unlawful conduct of agents of the McCreary County Sheriff's Department, and have placed individuals—such as Jason Perry—in positions of power and authority without having the requisite training to be in such positions, constituting a willful disregard of the Plaintiff's rights, entitling Plaintiff to an award of punitive damages herein.

WHEREFORE, Plaintiff prays for judgment as the Defendants, jointly and severally, as follows:

A. For compensatory damages in excess of $2,500,000.00 as to all Defendants;

B. Punitive damages as to all Defendants;

C. For reasonable attorney's fees and costs incurred herein;

D. Trial by Jury; and,

E. Such other and further relief as may appear just and appropriate.

.

Respectfully submitted,


By: <u>JEREMY W. BRYANT</u>
    JEREMY W. BRYANT, ESQ.
    BRYANT LAW, PLLC
    37 South Park Center Drive, Suite 6
    Corbin, KY 40701
    (606) 261-7381 (p)
    844-927-2494 (f)
    j@jeremybryantlaw.com